1 RICK D. ROSKELLEY, ESQ., Bar # 3192
MATTHEW T. CECIL, ESQ., Bar # 9525
2 LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway Suite 300
3 Las Vegas, NV  89169-5937
Telephone:    702.862.8800
4 Fax No.:       702.862.8811
Email: rgrandgenett@littler.com
5 Email: mcecil@littler.com

6 Attorneys for Defendant,
STRONG MAN SERVICES, INC. *dba* SMS Mechanical
7

8 UNITED STATES DISTRICT COURT

9 DISTRICT OF NEVADA

10

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LOCAL PLUMBERS AND PIPEFITTERS LOCAL 525 HEALTH AND WELFARE TRUST AND PLAN; BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS UNION LOCAL 525 PENSION PLAN; AND BOARD OF TRUSTEES OF PLUMBERS AND PIPEFITTERS LOCAL UNION 525 APPRENTICE AND JOURNEYMAN TRAINING TRUST FOR SOUTHERN NEVADA,<br><br>Plaintiffs,<br><br>vs.<br><br>STRONG MAN SERVICES, INC. dba SMS Mechanical, a Nevada corporation,<br><br>Defendant. | Case No. 2:16-cv-01537-RFB-VCF<br><br>**STIPULATED PROTECTIVE ORDER** |

Defendant STRONG MAN SERVICES, INC., dba SMS Mechanical (hereinafter "Defendant"), and Plaintiffs BOARD OF TRUSTEES OF THE LOCAL PLUMBERS AND PIPEFITTERS LOCAL 525 HEALTH AND WELFARE TRUST AND PLAN; BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS UNION LOCAL 525 PENSION PLAN; AND BOARD OF TRUSTEES OF PLUMBERS AND PIPEFITTERS LOCAL UNION 525 APPRENTICE AND JOURNEYMAN TRAINING TRUST FOR SOUTHERN NEVADA

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

(hereinafter "Plaintiffs") by and through their respective attorneys of record hereby submit the following Stipulated Protective Order regarding the confidentiality of information and discovery materials[1] (hereafter "discovery material") provided in this litigation.

## I.  SCOPE OF PROTECTION

On December 13, 2016, the Defendant and its counsel met with Plaintiffs' counsel and Plaintiffs' Auditor (Stewart, Archibald, and Barney (hereafter "Auditor")) to discuss what additional information the Auditor need to complete the audit.  Defendant agreed to produce the information directly to the Auditor.  The information which will be produced to the Plaintiffs' Auditor includes confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than completing the audit and/or prosecuting this litigation may be warranted.  The parties agree that with limited exception, Plaintiffs do not need to see, review, or possess the documents and/or information that Defendant provides directly to the Plaintiffs' Auditor.  The purpose of this protective order is to protect the documents and information Defendant provides directly to Plaintiffs' Auditor, as well as other documents produced in discovery.

This Stipulated Protective Order shall govern any record of information produced in this action, including those records provided directly to Plaintiffs' Auditor, and designated pursuant to this Stipulated Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Stipulated Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto.

This Stipulated Protective Order shall apply to the parties and to any nonparty from whom

---

[1] This term is meant to include the provision of any information in this litigation, including any information Defendant provides directly to Plaintiffs' Auditor used to complete the audit of Defendant, regardless of whether such information is provided through formal discovery.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

2.

discovery may be sought who desires the protection of this Protective Order.

Nonparties may challenge the confidentiality of the protected information by filing a motion to intervene and a motion to remove designation.

## II.   DEFINITIONS

(a)   The term PROTECTED INFORMATION shall mean confidential or proprietary, technical, scientific, financial, business, health, personnel, or medical information designated as such by the producing party.

(b)   The term CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY, shall mean PROTECTED INFORMATION that is so designated by the producing party, and shall automatically include all information Defendant provides and/or has provided directly to Plaintiff's Auditor (Stewart, Archibald, & Barney), including but not limited to: (1) Defendant's financial information and history (e.g. Defendant's QuickBooks and backup records); (2) confidential reports about financial obligations; (3) confidential employee information and reports; (4) private contractual information; (5) private billing and invoicing information; and/or (6) private information regarding Defendant's financial obligations/relationships with third parties.  The designation CONFIDENTIAL-ATTORNEYS' EYES ONLY may also be used for the following types of past, current, or future  PROTECTED INFORMATION: (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including customer lists, lease documents, forms, business leads, pending transactions, completed transactions, methodologies, strategies, formulas, business contracts, computer data, funding source lists, vendor contact lists, non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Stipulated Protective Order the producing party reasonably and in good faith believes would likely cause harm.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

1      (c)    The term CONFIDENTIAL INFORMATION shall mean all PROTECTED INFORMATION that is not designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information.

    (d)    The term TECHNICAL ADVISOR shall refer to any person who is not a party to this action and/or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's PROTECTED INFORMATION, including CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY, and CONFIDENTIAL INFORMATION.  Each party's TECHNICAL ADVISORS shall be limited to such person as, in the judgment of that party's counsel, are reasonably for development and presentation of that party's case.  These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation. Plaintiffs' Auditor, Stewart, Archibald, & Barney, is for the purpose of this Stipulated Protective Order, a TECHNICAL ADVISOR(S).  Plaintiffs are <u>not</u> TECHNICAL ADVISORS.

**III.**    **DISCLOSURE AGREEMENTS**

    (a)    Each receiving party's TECHNICAL ADVISOR shall sign a disclosure agreement in the form attached hereto as Exhibit A.  Copies of any disclosure agreement in the form of Exhibit A signed by any person or entity to whom PROTECTED INFORMATION is disclosed shall be provided to the other party promptly after execution by facsimile and overnight mail.  No disclosures shall be made to a TECHNICAL ADVISOR for a period of five (5) business days after the disclosure agreement is provided to the other party.  The five (5) day restriction does not apply when Defendant provides CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY information directly to Plaintiffs' Auditor.

    (b)    Before any PROTECTED INFORMATION is disclosed to outside TECHNICAL ADVISORS, the following information must be provided in writing to the producing party and received no less than five (5) business days before the intended date of disclosure to that outside TECHNICAL ADVISOR: the identity of that outside TECHNICAL ADVISOR, business address and/or affiliation and a current curriculum vitae of the TECHNICAL ADVISOR, and, if not

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

contained in the TECHNICAL ADVISOR's curriculum vitae, a brief description, including education, present and past employment and general areas of expertise of the TECHNICAL ADVISOR. If the producing party objects to disclosure of PROTECTED INFORMATION to an outside TECHNICAL ADVISOR, the producing party shall within five (5) business days of receipt serve written objections identifying the specific basis for the objection, and particularly identifying all information to which disclosure is objected. Failure to object within five (5) business days shall authorize the disclosure of PROTECTED INFORMATION to the TECHNICAL ADVISOR. As to any objections, the parties shall attempt in good faith to promptly resolve any objections informally. If the objections cannot be resolved, the party seeking to prevent disclosure of the PROTECTED INFORMATION to the expert shall move within five (5) business days for an Order of the Court preventing the disclosure. The burden of proving that the designation is proper shall be upon the producing party. If no such motion is made within five (5) business days, disclosure to the TECHNICAL ADVISOR shall be permitted. In the event that objections are made and not resolved informally and a motion is filed, disclosure of PROTECTED INFORMATION to the TECHNICAL ADVISOR shall not be made except by Order of the Court. The requirement in this section does not apply when Defendant provides CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY information directly to Plaintiffs' Auditor.

(c) Any disclosure agreement executed by any person affiliated with a party shall be provided to any other party who, based upon a good faith belief that there has been a violation of this order, requests a copy.

(d) No party shall attempt to depose any TECHNICAL ADVISOR until such time as the TECHNICAL ADVISOR is designated by the party engaging the TECHNICAL ADVISOR as a testifying expert. Notwithstanding the preceding sentence, any party may depose a TECHNICAL ADVISOR as a fact witness provided that the party seeking such deposition has a good faith, demonstrable basis independent of the disclosure agreement of Exhibit A or the information provided under subparagraph (a) above that such person possesses facts relevant to this action, or facts likely to lead to the discovery of admissible evidence; however, such deposition, if it precedes the designation of such person by the engaging party as a testifying expert, shall not include any

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

5.

questions regarding the scope or subject matter of the engagement. In addition, if the engaging party chooses not to designate the TECHNICAL ADVISOR as a testifying expert, the non-engaging party shall be barred from seeking discovery or trial testimony as to the scope or subject matter of the engagement. The parties agree that Defendant may depose Plaintiffs' Auditor during the appropriate discovery time limits or as ordered by the Court or as agreed upon by the parties.

## IV. DESIGNATION OF INFORMATION

(a) Documents and things produced or furnished during the course of this action shall be designated as containing CONFIDENTIAL INFORMATION by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION

(b) Documents and things produced or furnished during the course of this action shall be designated as containing information which is CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY

Notwithstanding the foregoing, the parties agree that any information Defendant provides or has provided directly to Plaintiffs' Auditor shall be treated as CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY and that the official/formal designation is not necessary for such information. Additionally, all information Defendant provides directly to the Plaintiffs' Auditor shall be held in confidence by Plaintiffs' attorneys and Plaintiffs' Auditor and shall be used only for purposes of this action, to complete the audit and all required collection efforts.

(c) During discovery a producing party shall have the option to require that all or batches of materials be treated as containing CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY during inspection and to make its designation as to particular documents and things at the time copies of documents and things are furnished.

(d) A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY by requesting the reporter to so designate the transcript at the time of the deposition.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

1      (e) A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the court or to opposing counsel as containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY when such papers are served or sent.

    (f) A party shall designate information disclosed at a hearing or trial as CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY by requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

    (g) The parties will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY that is not entitled to such designation or which is generally available to the public. The parties shall designate only that part of a document or deposition that is CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY, rather than the entire document or deposition. For example, if a party claims that a document contains pricing information that is CONFIDENTIAL- ATTORNEYS' EYES ONLY, the party will designate only that part of the document setting forth the specific pricing information as ATTORNEYS' EYES ONLY, rather than the entire document. If it becomes necessary for either party to use CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY information Defendant provided directly to Plaintiffs' Auditor in court (e.g. a brief or motion) then the parties will meet and confer to determine how to appropriately redact the information. If the parties cannot agree then the at-issue document/information shall be filed under seal until the Court can determine the appropriate redactions.

## V. DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION

Information that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY shall be disclosed by the receiving party only to Qualified Recipients. All Qualified Recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

1 action and for no other action, and shall not use it for any business or other commercial purpose, and
2 shall not use it for filing or prosecuting any patent application (of any type) or patent reissue or
3 reexamination request, and shall not disclose it to any person, except as hereinafter provided. All
4 information that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL
5 INFORMATION- ATTORNEYS' EYES ONLY shall be carefully maintained so as to preclude
6 access by persons who are not qualified to receive such information under the terms of this Order.

**VI.    QUALIFIED RECIPIENTS**

For purposes of this Order, "Qualified Recipient" means

    (a)    For CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY:

        (1)    Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services and graphic services;

        (2)    Court officials involved in this action (including  court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

        (3)    Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

        (4)    Any outside TECHNICAL ADVISOR employed by the outside counsel of record, subject to the requirements in Paragraph 3 above; and

        (5)    Any witness during the course of discovery, so long as it is stated on the face of each document designated CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document.  Where it is not stated on the face of the confidential document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the confidential document to the witness, provided that:  (i) the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document,  (ii)  the party seeking disclosure provides

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

1  advance notice to the party that produced the document, and (iii) the party that produced the
2  document does not inform the party seeking disclosure that the person to whom the party intends to
3  disclose the document did not in fact receive or review the documents. Nothing herein shall prevent
4  disclosure at a deposition of a document designated CONFIDENTIAL INFORMATION-
5  ATTORNEYS' EYES ONLY to the officers, directors, and managerial level employees of the party
6  producing such CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY, or to any
7  employee of such party who has access to such CONFIDENTIAL INFORMATION-ATTORNEYS'
8  EYES ONLY in the ordinary course of such employee's employment.

9      (b)    FOR CONFIDENTIAL INFORMATION:

10          (1)    Those persons listed in paragraph 6(a);

11          (2)    In-house counsel for a party to this action who are acting in a legal capacity
12  and who are actively engaged in the conduct of this action, and the secretary and paralegal assistants
13  of such counsel to the extent reasonably necessary;

14          (3)    The insurer of a party to litigation and employees of such insurer to the extent
15  reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate
16  and evaluate the claim for purposes of determining coverage and for settlement purposes; and

17          (4)    Employees of the parties.

18      (c)    If Plaintiffs' Auditor feels it needs clarification regarding a document or information
19  in the Confidential Material then the Auditor(s) must first seek the clarification from Defendant. If
20  Defendant cannot/does not provide the needed clarification and the Auditor believes that Plaintiffs
21  may be able to obtain the needed clarification from Plaintiff(s), then the parties' counsel will meet
22  and confer regarding allowing the Plaintiff(s) to review the specific information and/or document in
23  the CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY for which clarification is
24  needed. If the parties cannot resolve the issue after having at least two meet and confer discussions,
25  then Plaintiffs may move the Court for an order allowing them to review the specific
26  information/document in the CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY
27  about which the auditors need clarification. If Defendant consents or the Court issues an order
28  allowing Plaintiff(s) to review any information or document in the CONFIDENTIAL

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

INFORMATION-ATTORNEYS' EYES ONLY, then Plaintiff(s) will be under the same obligations to maintain the confidentiality of the information/document and to only use it as permitted herein.

**VII.   USE OF PROTECTED INFORMATION**

(a)   In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY, the papers shall be appropriately designated pursuant to paragraphs 4(a) and (b), and shall be treated accordingly.

(b)   All documents, including attorney notes and abstracts, which contain another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY, shall be handled as if they were designated pursuant to paragraph 4(a) or (b).

(c)   Documents, papers and transcripts filed with the court which contain any other party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY shall be filed under seal in in accordance with Local Rule IA 10-5.  The parties acknowledge that this protective order does not entitle them to file Confidential Material or Confidential deposition testimony under seal without complying with the standard articulated in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), along with Local Rule 10-5.  The parties may agree that the filing party may file documents including Confidential Material and/or Confidential deposition testimony by the other party not under seal.  **If no such agreement is made before filing, then any documents to be filed with the court containing Confidential Material and/or Confidential deposition testimony will be accompanied by a motion to seal.**  A motion to file a document under seal will be served on opposing counsel, and on the person or entity that has custody and control of the document, if it is different from opposing counsel.  For motions that refer to Confidential Material, the parties will publicly file a redacted version of the filing.

(d)   To the extent that documents are reviewed by a receiving party prior to production, any knowledge learned during the review process will be treated by the receiving party as CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY until such time as the documents have been produced, at which time any stamped classification will control.  No photograph or any

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

10.

1  other means of duplication, including but not limited to electronic means, of materials provided for
2  review prior to production is permitted before the documents are produced with the appropriate
3  stamped classification.

4　　　(e)　In the event that any question is asked at a deposition with respect to which a party
5  asserts that the answer requires the disclosure of CONFIDENTIAL INFORMATION or
6  CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY, such question shall nonetheless
7  be answered by the witness fully and completely.  Prior to answering, however, all persons present
8  shall be advised of this Order by the party making the confidentiality assertion and, in the case of
9  information designated as CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY at the
10 request of such party, all persons who are not allowed to obtain such information pursuant to this
11 Order, other than the witness, shall leave the room during the time in which this information is
12 disclosed or discussed.

13　　　(f)　Nothing in this Protective Order shall bar or otherwise restrict outside counsel from
14 rendering advice to his or her client with respect to this action and, in the course thereof, from
15 relying in a general way upon his examination of materials designated CONFIDENTIAL
16 INFORMATION or CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY, provided,
17 however, that in rendering such advice and in otherwise communicating with his or her clients, such
18 counsel shall not disclose the specific contents of any materials designated CONFIDENTIAL
19 INFORMATION or CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY.

20 **VIII.   INADVERTENT FAILURE TO DESIGNATE**

21　　　(a)　In the event that a producing party inadvertently fails to designate any of its
22 information pursuant to paragraph 4, it may later designate by notifying the receiving parties in
23 writing.  The receiving parties shall take reasonable steps to see that the information is thereafter
24 treated in accordance with the designation.

25　　　(b)　It shall be understood however, that no person or party shall incur any liability
26 hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated
27 designation.

28

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

11.

## IX. CHALLENGE TO DESIGNATION

(a) Any receiving party may challenge a producing party's designation at any time. A failure of any party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in-fact confidential or not an appropriate designation for any reason. However, the parties agree, for the purpose of this Protective Order, that information the Defendant provides directly to the Plaintiffs' Auditor is properly designated CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY.

(b) Notwithstanding anything set forth in paragraph 2(a) and (b) herein, any receiving party may disagree with the designation of any information received from the producing party as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY. In that case, any receiving party desiring to disclose or to permit inspection of the same otherwise than is permitted in this Order, may request the producing party in writing to change the designation, stating the reasons in that request. The producing party shall then have five (5) business days from the date of receipt of the notification to:

(1) advise the receiving parties whether or not it persists in such designation; and

(2) if it persists in the designation, to explain the reason for the particular designation.

(c) If the receiving party's request under subparagraph (b) above is turned down, or if no response is made within five (5) business days after receipt of notification, then the receiving party may then move the court for an order lifting the designation. The burden of proving that the designation is proper shall be upon the producing party. The information shall maintain its designation until the court orders otherwise. In the event objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree). No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

(d) With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the producing party if:

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

12.

(1) the information in question has become available to the public through no violation of this Order; or

(2) the information was known to any receiving party prior to its receipt from the producing party; or

(3) the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

## X. INADVERTENTLY PRODUCED PRIVILEGED DOCUMENTS

The parties hereto also acknowledge that regardless of the producing party's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur. If a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the producing party. The receiving party shall return to the producing party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court for an Order that such document or thing has been improperly designated or should be produced.

## XI. INADVERTENT DISCLOSURE

In the event of an inadvertent disclosure of another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

## XII.  LIMITATION

This Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

## XIII.  CONCLUSION OF ACTION

(a)  At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY and to certify to the producing party such destruction or return. Except that the obligation to return or destroy documents does not apply to a Receiving Party who is required to maintain a copy of the received document under the Employment Retirement Income Security Act of 1974 ("ERISA") and/or returning or destroying the received document would violate ERISA.  It is understood that the Auditor is required by ERISA to maintain copies of certain audit evidence for a period of seven years, and that the Auditor will be bound by this Protective Order while it maintains any such document.  Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

(b)  After this action, trial counsel for each party may retain one archive copy of all documents and discovery material even if they contain or reflect another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY.  Trial counsel's archive copy shall remain subject to all obligations of this Order.

(c)  The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law.  The Department of Justice, any insurance company, or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

**XIV.  PRODUCTION BY THIRD PARTIES PURSUANT TO SUBPOENA**

Any third party producing documents or things or giving testimony in this action pursuant to a subpoena, notice or request may designate said documents, things, or testimony as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY.  The parties agree that they will treat CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY produced by third parties according to the terms of this Order.

**XV.  COMPULSORY DISCLOSURE TO THIRD PARTIES**

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY of a producing party, the receiving party shall give prompt written notice to counsel for the producing party and allow the producing party an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order.  No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

**XVI.  JURISDICTION TO ENFORCE STIPULATED PROTECTIVE ORDER**

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

**XVII.  MODIFICATION OF STIPULATED PROTECTIVE ORDER**

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

**XVIII.  CONFIDENTIALITY OF PARTY'S OWN DOCUMENTS**

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information.  Such disclosure shall not waive the protections of this Stipulated Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

disclosure of the designating party the information becomes public knowledge. Similarly, the Stipulated Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

Dated: January 6, 2017

Respectfully submitted,

/s/ Christopher M. Humes
Adam P. Segal, Esq.
Bryce C. Loveland, Esq.
Christopher M. Humes, Esq.
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
*Attorneys for Plaintiffs*

Dated: January 6, 2017

Respectfully submitted,

/s/ Matthew T. Cecil
Rick D. Roskelley, Esq.
Roger L. Grandgenett II, Esq.
Matthew T. Cecil, Esq.
Littler Mendelson, P.C.
*Attorneys for Defendant*

**ORDER**

IT IS SO ORDERED.

Dated this 9th day of January, 2017.

_____
THE HONORABLE  C. FERENBACH
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

16.

# **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada in the case of *Board Of Trustees Of The Local Plumbers And Pipefitters Local 525 Health And Welfare Trust And Plan, et. al.*, *v. Strong Man Service, Inc.*, Case No. 2:16-cv-01537-RFB-VCF (D. Nev.).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                [signature]

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800